LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| SANTOS VILLAMAR MORELOS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| PORTOVINO RESTAURANT INC., d/b/a PORTOFINO RESTAURANT, CARMINE POLITO and JACK BRUCCULERI, | |
| Defendants. | |

_____

Plaintiff, SANTOS VILLAMAR MORELOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT (the "Corporate Defendant"), CARMINE POLITO and JACK BRUCCULERI ("Individual Defendants," and together with Corporate Defendant, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3.      Plaintiff further alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices under New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") on the basis of his sexual orientation and brings this action against Defendants to recover: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff SANTOS MORELOS is a resident of Queens County, New York.

7. Defendants own and operate a restaurant under the trade name "Portofino Restaurant," also known as "Portofino Ristorante," located at 109-32 Ascan Avenue, Forest Hills, New York 11375 (the "Restaurant").

8. Defendants operate the Restaurant through Corporate Defendant PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT. Corporate Defendant PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 109-32 Ascan Avenue, Forest Hills, New York 11375. Individual Defendants are the owners of PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT.

9. Individual Defendants:

(a) Individual Defendant CARMINE POLITO is an owner and Chief Executive Officer of Corporate Defendant PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT. CARMINE POLITO exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to CARMINE POLITO regarding any of the terms of their employment, and CARMINE POLITO would have the authority to effect any changes to the quality and terms of employees' employment. CARMINE POLITO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. CARMINE POLITO exercised functional control over the business and financial operations of Corporate Defendant. CARMINE POLITO had the power and

authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b) Individual Defendant JACK BRUCCULERI is an owner of Corporate Defendant PORTOVINO RESTAURANT INC. d/b/a PORTOFINO RESTAURANT. JACK BRUCCULERI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to JACK BRUCCULERI regarding any of the terms of their employment, and JACK BRUCCULERI would have the authority to effect any changes to the quality and terms of employees' employment. JACK BRUCCULERI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JACK BRUCCULERI exercised functional control over the business and financial operations of Corporate Defendant. JACK BRUCCULERI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

12. At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, runners, cooks, line cooks, food preparers, dishwashers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14.    At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including the overtime thereof, due to time shaving. A subclass of tipped employees has a claim for unpaid minimum wage and overtime, including those from an improperly deducted tip credit, and a claim for illegally retained tips. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including servers, bussers,

runners, cooks, line cooks, food preparers, dishwashers, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages due to time-shaving, (ii) failing to pay spread of hours premium, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

20.     With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed a tip credit even when tips were insufficient to bring tipped employees up to the statutory minimum wage rate, (iv) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (v) implemented an invalid tip pooling scheme in which managers participated in the tip pool (vi) illegally retained tips, (vii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (viii) failed to accurately keep track of daily tips earned and maintain records thereof. Defendants illegally retained gratuities because they were subject to a tip pooling scheme where the manager, Jorge Leon, participated in the tip pool.

21.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

f. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h. Whether Defendants claimed a tip credit even when Plaintiff's and class members' tips were insufficient to bring them up to the statutory minimum wage rate;

i.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j.   Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

k.   Whether Defendants established an invalid tip pooling arrangement by illegally including managers in the tip pool;

l.   Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiff and the Tipped Subclass did not agree to;

m.   Whether Defendants retained any portion of the gratuities for their tipped employees;

n.   Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

o.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

p.   Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

q.   Whether Defendants properly compensated Plaintiff and Class members their proper overtime under state law; and

r.    Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

**STATEMENT OF FACTS**

26.    Plaintiff SANTOS VILLAMAR MORELOS:

(a) In or around March 2015, Plaintiff MORELOS was hired by Defendants to work as a busser at Defendants' Portofino Restaurant, located at 109-32 Ascan Avenue, Forest Hills, New York 11375. Plaintiff MORELOS worked for Defendants until in or around January 2019.

(b) From in or around March 2015 through October 2015, Plaintiff MORELOS was regularly scheduled to work from 5:00pm to 12:00am, from Tuesdays through Saturdays, for a total of thirty-five (35) hours per week. From in or around November 2015 through the end of Plaintiff's employment, Plaintiff MORELOS was regularly scheduled to work from 10:00am to 5:00pm, from Tuesdays through Saturdays, for a total of thirty-five (35) hours per week. From in or around November 2015 through the end of Plaintiff's employment, Plaintiff MORELOS was scheduled to work an additional six (6) hours on Saturdays, until 11:00pm. During such weeks, Plaintiff was scheduled to work for a total of forty-one (41) hours per week. Plaintiff MORELOS was regularly required to work without any breaks. FLSA Collective Plaintiffs and Class Members were scheduled to work a similar number of hours per week.

(c) At all times, Plaintiff MORELOS, FLSA Collective Plaintiffs and Class Members were only compensated for their scheduled work hours and not for their actual hours worked. Throughout Plaintiff's employment, Defendants did not maintain a system to track Plaintiff, FLSA Collective Plaintiffs and Class Members' actual hours worked. Due to Defendants' policy of time-shaving, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs and Class Members for at least fifteen (15) minutes for each employee working the day shift and for one

hour and fifteen minutes for each employee working the night shift. From in or around March 2015 through October 2015, Plaintiff was required to work until 1:15am every workday, even though he was only paid until 12:00am. Between 12:00am and 1:15am everyday, Plaintiff and the night shift employees were required to continue working and to assist with closing and cleaning the restaurant. From in or around November 2015 through the end of Plaintiff's employment, Plaintiff was required to work an additional fifteen (15) minutes, until 5:15pm every workday. Defendants required Plaintiff and other day shift employees to work until at least 5:15pm so that the morning and night shift can transition work. At all relevant times, for night shift employees, Defendants failed to compensate them for a total of approximately six (6) hours and fifteen (15) minutes per week. At all relevant times, for day shift employees, Defendants failed to compensate them for a total of approximately one (1) hour and fifteen (15) minutes per week. During weeks in which Plaintiff, FLSA Collective Plaintiffs and Class Members worked in excess of forty (40) hours per week, such hours were overtime hours.

(d) Throughout Plaintiff MORELOS's employment, Defendants paid Plaintiff below the New York State minimum wage. Specifically, from the start of Plaintiff's employment through December 2015, Plaintiff was compensated at an hourly rate of $5.00 per hour, for all hours worked up to forty (40) hours per week. From in or around January 2016 through the end of Plaintiff's employment in January 2019, Plaintiff was compensated at an hourly rate of $7.50 per hour, for all hours worked up to forty (40) hours per week. Plaintiff was not paid for any of his hours worked over forty (40) hours. In 2018 and 2019, such rates were below even that of the prevailing tip credit minimum wage rate, which was $8.65 per hour in 2018 and $10.00 per hour in 2019. A subclass of FLSA Collective Plaintiffs who are tipped employees and the Tipped Subclass were compensated at similar rates below the statutory minimum wage.

27.     Plaintiff MORELOS, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) illegally retained gratuities, (vii) implemented an invalid tip pooling because Defendants retained tips, (viii) implemented an invalid tip pooling by including managers, (ix) failed to accurately track daily tips earned or maintain records thereof, (x) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, (xi) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, (xii) claimed a tip credit in excess of the statutory amount permissible, and (xiii) claimed a tip credit when tips were insufficient to bring tipped employees up to the statutory minimum wage rate, in violation of the NYLL.

28.     Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' retention of gratuities through Defendants' invalid tip pooling arrangement.

Defendants implemented a policy at Portofino Restaurant where Plaintiff and other non-exempt tipped employees were subject to a tip pool they did not agree to, which was set by and enforced by Defendants and Defendants' managers, wherein managers, including Jorge Leon, participated in the tip pool. He is a manager as he has the power to hire and fire, set schedules, and set the tip pool. As a result, Defendants illegally retained tips through the tip pooling arrangement by retaining a portion of the tips to be distributed to Defendants' managers. Such improper tip pooling policy invalidates Defendants' tip credit allowance.

29.    At all times, Plaintiff and other tipped employees were provided daily tips of $30, regardless of whether the workday was busy or slow. In 2018 and 2019, Plaintiff's derived hourly rate, including his daily $30 of tips, was $11.78, which is below that of the prevailing New York State minimum wage rate, which was $13.00 in 2018 and $15.00 in 2019. Defendants not only failed to accurately keep track of gratuities, but failed to reimburse Plaintiff and other tipped employees when tips were insufficient to bring their hourly rates up to at least the prevailing statutory minimum wage rate. Such policies also invalidate Defendants' tip credit allowance.

30.    Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including cleaning the bathroom, restocking the refrigerator with ingredients and supplies, mopping the restaurant, sweeping the inside and outside of the restaurant, preparing food, and making deliveries. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees. While making deliveries is normally a tipped duty for service employees, Plaintiff and other tipped employees were not

paid the higher service employee tip credit rate when they were making deliveries, as such, such duty is not considered a tipped duty in the traditional sense for food service employees.

31.     At all times, Plaintiff and Class members were each required to stay between fifteen (15) minutes and one hour and fifteen (15) minutes past their scheduled shifts to transition their shift or for closing. Since Defendants only compensated them for their scheduled shifts, Plaintiff and Class members were not paid for at least fifteen (15) minutes or one (1) hour and fifteen (15) minutes per workday, resulting in unpaid compensation of at least one hour and fifteen minutes or six (6) hours and fifteen (15) minutes per week. During weeks in which they worked over forty (40) hours per week already, such time-shaved hours were overtime hours.

32.     At least once per month, Plaintiff and Class members worked days that exceed ten hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceeded ten hours in length.

33.     Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

34.     Plaintiff and Class members failed to provide proper wage statements in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Plaintiff and Class members were paid entirely in cash without any wage statements.

35.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA

Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

36.　Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

37.　Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

38.　Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

39.　Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

40.　During Plaintiff's employment by Defendants, Defendants permitted managerial employees, including manager Jorge Leon, to foster a hostile work environment. Plaintiff, known to be openly homosexual, frequently suffered severe discrimination, related verbal abuse by his manager and supervisors, and ultimately, was denied a shift change to work the night shift, which was more lucrative than the day shift.

41.　Throughout Plaintiff's employment by Defendants, Plaintiff was harassed by the manager, Jorge Leon, and by the chef, "Elmer Morales" on a daily basis. They refused to call Plaintiff by his name, and only referred to Plaintiff by degrading names and slurs in Spanish, such as "Perra" (bitch) and "Zorra" (skunk). They also regularly called him "Maricon" (faggot). Plaintiff not only suffered homophobic comments, but he was harassed on a daily basis by Mr. Leon and Mr. Morales and suffered from their verbal abuse. Plaintiff and another of his co-worker, working the same day shift and known to be openly homosexual, were the only two

individuals who suffered from their verbal abuse. No other co-workers were yelled at for no reason on a daily basis except for Plaintiff and his co-worker. Moreover, whenever Plaintiff and his co-worker requested a day off, they were always denied, but when other co-workers, who were not homosexual, requested a day off, their requests were always immediately granted.

42.     Throughout Plaintiff's employment by Defendants, Plaintiff witnessed Defendants granting any request or accommodation for employees to switch from the day shift to the night shift as the night shift was more lucrative due to higher gratuities. However, when Plaintiff requested for a shift change in or around January 2019 to his manager, Jorge Leon, he was told flat-out by Mr. Leon that he was not permitted to and cannot change to the night shift. There was no reason to deny him a shift change other than Mr. Leon's prejudice against homosexuals. Defendants' refusal to treat Plaintiff as any other employee at Portofino Restaurant amounted to constructive discharge and Plaintiff terminated his employment with Defendants thereafter.

43.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.     Plaintiff realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as fully set forth herein.

45.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are

covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

46. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

47. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

48. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

49. At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which management retained a portion of the tips and included managers in the tip pool.

50. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' policy of time-shaving.

51. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving

52. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective

Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as fully set forth herein.

58. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

60. Defendants willfully violated Plaintiff and the Class members' rights by instituting an illegal tip-pooling scheme in which Class members were required to share tips with management. In doing so, Defendants willfully deprived Plaintiff and Class members of their lawfully earned wages.

61.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all of their hours worked due to Defendants' policy of time shaving.

62.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

63.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement.

64.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

65.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages representing disgorgement of illegally retained tips, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

66.     Plaintiff realleges and reavers Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's sexual orientation.

68.     Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

69.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment as set forth above and discriminating against him by refusing to allow Plaintiff to work night shifts, which were more lucrative.

70.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

71.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

72.     Due to Defendants' violations under the New York State Human Rights Law, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

73.     Plaintiff realleges and reavers Paragraphs 1 through 72 of this class and collective action complaint as if fully set forth herein.

74.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's sexual orientation.

75.     Defendants has and has had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

76.     Defendants operated a business in New York City that discriminated against Plaintiff

in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment as set forth above and discriminating against Plaintiff by refusing to allow Plaintiff to work night shifts, which were more lucrative.

77.    As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

78.    Due to Defendants' violations under the New York City Human Rights Law, as amended, based on discrimination on the basis of sexual orientation, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## COUNT V

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (SUPERVISOR LIABILITY)

79.    Plaintiff realleges and reavers Paragraphs 1 through 78 of this class and collective action complaint as fully set forth herein.

80.    Under, New York City Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of

an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81.     Defendants violated the section cited herein as set forth. Defendants' managers, including Jorge Leon, and supervisors are supervisors in a managerial capacity. They discriminated against Plaintiff based on Plaintiff's sexual orientation.

82.     At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of his sexual orientation.

83.     Defendants willfully violated the New York City Human Rights Law, as amended.

84.     Due to Defendants' violation of New York City Human Rights Law, as amended, on the basis of Defendants' discriminatory practices, Plaintiff is entitled to recover from Defendants: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.     A declaratory judgment that the practices complained of herein are unlawful under the New York State Human Rights Law and the New York City Human Rights Law;

c.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to time shaving and an invalid tip credit;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award equal to the amount of the improperly retained tips withheld by Defendants;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. An award of back pay and compensatory damages due under the New York State Human Rights Law and New York City Human Rights Law;

k. An award of punitive damages due under the New York City Human Rights Law;

l. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as Representatives of the Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 10, 2019

Respectfully submitted,

By: */s/ C.K. Lee*
     C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*
